# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CRIMINAL CASE NO. 3:09cr158

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SHAWN MANNING. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reconsider Court's Prior Order [Doc. 14], filed on November 30, 2009.

On August 20, 2009, the Defendant was charged in a four-count Bill of Indictment with two counts of possession with intent to distribute one or more controlled substances, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D); one count of carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Doc. 3]. The Defendant's initial appearance was held on September 2, 2009, at which time counsel was appointed. Thereafter, the Defendant's case was placed on the October 13, 2009

calendar for trial. The Defendant then moved for a continuance of the trial date, citing the need for additional time to receive discovery and investigate the case. [Doc. 9]. The Court granted the Defendant's motion, and the Defendant's case was continued to the December 7, 2009 calendar. [Doc. 10].

The Defendant moved for a second continuance of the trial date on the grounds that counsel required additional time to procure a possible plea agreement with the Government. [Doc. 12]. Finding that the Defendant had not stated adequate grounds to justify a continuance, the Court denied the Defendant's motion without prejudice but extended the deadline for the filing of a plea agreement until December 1, 2009. [Doc. 13].

The Defendant now moves the Court to reconsider its prior Order. For grounds, defense counsel states that since the entry of the Court's last Order, counsel has received a plea offer from the Government but needs additional time to discuss this plea offer with the Defendant. Counsel further states that the Defendant has requested that counsel file a motion to suppress, and that additional time is required to investigate, prepare,

and file such a motion. Finally, counsel represents that the Government does not oppose the Defendant's request for a continuance. [Doc. 14].

The Court finds that this case should be continued. If the requested continuance were not granted, counsel would not have an adequate opportunity to prepare for trial, taking into account the exercise of due diligence. The Court therefore finds that a failure to grant the continuance "would unreasonably deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Accordingly, **IT IS, THEREFORE, ORDERED** that the above-captioned case is **CONTINUED** from the December 7, 2009 term in the Charlotte Division.

**IT IS SO ORDERED.**

Signed: November 30, 2009

Martin Reidinger
United States District Judge